**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-4 CECIL FROST,

       Defendant.

Case No. 08-20537-4

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION [120]**

Before the Court is Defendant Cecil Frost's pro se Motion for Sentence Reduction [120].

For the reasons stated below, Defendant's Motion is GRANTED, and Defendant Frost will be resentenced pursuant to this order.

**Procedural History**

On October 14, 2008, Defendant was charged with conspiracy to distribute crack cocaine in the amount of 73.02 grams, and with the distribution of crack cocaine in the amount of 20.31 grams, in violation of 21 U.S.C. § 841(a)(1) and § 846. On April 27, 2010, Defendant pled guilty to both these charges. This Court held a sentencing hearing on July 22, 2010. It was established that Defendant's sentencing guideline range was 130-162 months based on an offense level of twenty-seven and a criminal history category of VI. At the time of Defendant's sentencing, the count of conspiracy to distribute cocaine in the amount of 73.02 grams required a mandatory minimum sentence of ten years. As such, this Court entered a Judgment [98] sentencing Defendant to a total sentence of 120 months.

Defendant filed its pro se Motion for Sentence Reduction [120] on November 30, 2011. The Government filed its Response [129] on January 9, 2012. On December 13, 2012, attorney Miriam L. Siefer filed a Notice of Appearance [160] on behalf of Defendant.

**Analysis**

Defendant now seeks retroactive application of the Fair Sentencing Act of 2010, and a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u).

The Fair Sentencing Act of 2010 reduced sentences for crack cocaine related drug offenses, including the mandatory minimum sentences imposed in this case. *See* 21 U.S.C. § 841(b) (increasing the amount of crack from 50 grams to 280 grams to trigger the 10-year mandatory minimum and from 5 grams to 28 grams to trigger the five-year mandatory minimum). The Sixth Circuit Court has recently held that this reduction must be applied retroactively to all defendants, including those defendants sentenced before the passage of the Act. *See United States v. Cornelius Demorris Blewett 12-5226 & Jarreous Jamone Blewett 12-5582*, _ F.3d _, 2013 U.S. App. LEXIS 9889, at *3 (6th Cir. 2013). The Sixth Circuit Court specifically rejected the Government's objection, also made here, that § 3582(c)(2) prohibits the courts from altering a mandatory minimum sentence. The court in *Blewett* held that "[t]he statutory minimums have been reduced and incorporated into the guidelines by the Sentencing Commission. The old, repealed discriminatory minimums are no longer a part 'of the operation of' the sentencing system. They should not be used to foreclose 'lowering the defendant's applicable guideline range.' *Id*. at 30 (*citing* 18 U.S.C. § 3582(c)(2)).

It should be noted that this Court has already granted resentencing in the case of co-Defendant Cedarrius Frost, who was charged with and pled guilty to identical counts of conspiracy to distribute and distribution of crack cocaine. This Court granted resentencing based upon the Supreme Court's ruling in *Dorsey*. The Fair Sentencing Act took effect on August 3, 2010. Based on this date, the Court in *Dorsey* held that the Fair Sentencing Act applied to "those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Dorsey v. United States*,

2

132 S. Ct. 2321, 2331 (U.S. 2012). Because co-Defendant Cedarrius Frost was sentenced on August 20, 2010, the Fair Sentencing Act may be applied to modify his sentence. The only difference between co-Defendant Cedarrius Frost and the instant case is that Defendant Cecil Frost was sentenced prior to August 3, 2010. The Sixth Circuit Court's ruling in *Blewett* cures this unjust outcome.

It also should be noted that Defendant Cecil Frost's appeal, filed on July 26, 2010, was pending at the time the Fair Sentencing Act took effect.

Therefore, the revised mandatory minimum sentences of the Fair Sentencing Act must be retroactively applied in this case.

## Conclusion

For the reasons state above, Defendant's Motion for Sentence Reduction [120] is GRANTED.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction [120] is **GRANTED**. Pursuant to this order, Defendant will be resentenced on June 11, 2013 at 2:00 p.m.

**SO ORDERED**.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 22, 2013